

NORTHERN DISTRICT OF TEXAS
**ENTERED**
**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature: Harlin DeWayne Hale]*

**Signed April 24, 2007**                                                                                             **United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| SPECIALTY RESTAURANT GROUP, § | Case No. 07-30779 HDH-11 |
| LLC, d/b/a THE AMERICAN CAFÉ, § | |
| SILVER SPOON CAFÉ, L & N SEAFOOD § | |
| GRILL, SILVER SPOON-AMERICAN § | |
| CAFÉ § | |
| § | |
| § | |
| Debtor § | |

### SUPPLEMENTAL FINDINGS AND CONCLUSIONS
### ON DEBTOR'S APPLICATION TO EMPLOY COUNSEL

On April 19, 2007, the Court ruled on *Application, Pursuant to 11 U.S.C. §§ 327 & 329 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, for Interim and Final Orders Authorizing the Employment and Retention of Fulbright & Jaworski L.L.P. as Attorneys for the Debtor, Nunc Pro Tunc to the Petition Date (the "Application")*, and made oral findings and

conclusions from the bench. The following supplements those findings and conclusions.

In the Official Committee of Unsecured Creditors' (the "Committee") *Objection to the Employment and Retention of Fulbright & Jaworski L.L.P. as Attorneys for the Debtor*, the Committee claims that Fulbright & Jaworski LLP is not disinterested and represents an adverse interest to the bankruptcy estate of Specialty Restaurant Group, LLC ("Debtor"). That claim of the Committee is based upon the law firm's failure to conduct a UCC search, and failure to commence the instant case within ninety days of an alleged perfection of a security interest in certain personalty by Debtor's secured creditor. Basically, the Committee claims that the firm committed legal malpractice and the estate has a claim against it and therefore the firm is disqualified under 11 U.S.C. § 327(a).

In addition to the findings and conclusions the Court made after the hearing, the Court notes that, at this time, the Debtor appears to be satisfied with the services that the law firm has rendered, and continues to provide, to it during this case. Such satisfaction by the client is the main inquiry in a Texas legal malpractice claim. *See, e.g., Yaquinto v. Segerstrom (In re Segerstrom)*, 247 F.3d 218, 226 (5th Cir. 2001). Texas courts and the Fifth Circuit recognize that legal malpractice actions are "intrinsically personal" and the satisfaction of the client is "paramount." *Id*. Generally speaking, the client alone can determine if he believes that his counsel has misrepresented him. *Id*.

In the present case, the client, the Debtor, requested the Court to approve Fulbright & Jaworski LLP as counsel post petition. Since the Committee raised formally and informally the issues of the firm's failure to investigate and failure to file within the preference period, the Debtor has not changed its mind. The Court has carefully considered the client's position as to whether

**SUPPLEMENTAL FINDINGS AND CONCLUSIONS ON DEBTOR'S APPLICATION TO EMPLOY COUNSEL - Page 2**

there exists claims against the firm to find that it is disqualified.

For alleged pre-petition legal malpractice claims, the debtor remains the client, even if the claim becomes property of the bankruptcy estate. *In re C-Power Prod., Inc.*, 230 B.R. 800 (Bankr. N.D. Tex. 1998). The client is the debtor or the debtor in possession, not the bankruptcy estate. *Id.* at 803. And, non-bankruptcy law restricts the assignment of a Texas legal malpractice claim. *Id.* Thus, it is unclear that the Committee even has standing to assert that the law firm committed legal malpractice pre-petition. The client, the Debtor, is the only entity under Texas law which may make such claim and this Debtor has not done so.

The Committee cites cases where law firms that received preferences were found to be disqualified. *See, e.g., In re First Jersey Sec., Inc.*, 180 F.3d 504 (3rd Cir. 1999). Those cases are not outcome-determinative to the Application before the Court. In those cases it was clear that the law firm, from the beginning, was holding funds or securities that it one day would be required to return to the estate. The basic elements of a preference claim were obvious and not really defensible. And, those claims were clearly assertable on behalf of the bankruptcy estate.

In the present case, there is a real disagreement as to whether the law firm was required to conduct a UCC search, given the information it had from the client, and also, whether the law firm was required to instruct the to client file within ninety days of the date the lender perfected its interest against the personalty. Counsel for the Debtor explained, at the hearing on the Motion, that the timing of the filing was driven by business realities. And, at least to date, the client appears satisfied with the services of the law firm. For these additional reasons, the Application will be

granted by separate order that Fulbright & Jaworski LLP shall submit.

###END OF ORDER###